DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12CV86-RLV
(5:04CR18-RLV-CH-10)

| | |
|---|---|
| CEDRIC LAMONT SHUFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Lift Stay, (Doc. No. 10), on Petitioner Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2), and on his Supplemental Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, or for alternative relief under 28 U.S.C. § 2441, or under the writs of coram nobis or audita querela, (Doc. No. 3). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

On November 17, 2004, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846, and 851. On the same day that Petitioner was indicted, the Government had filed a Notice of Intention to Seek Enhanced Penalties, pursuant to 21 U.S.C. § 851. The Government listed two prior state convictions, asserting that these prior convictions subjected Petitioner to a mandatory life sentence. Before sentencing, but after Petitioner entered his plea, the Government filed a Notice of Withdrawal of a portion of the § 851 notice, indicating that the Government intended to rely on only one prior conviction. Petitioner, however, still faced a

mandatory minimum sentence of 20 years of imprisonment. This Court subsequently sentenced Petitioner to 20 years of imprisonment.

Petitioner contends that under the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), his prior conviction no longer qualifies as a predicate conviction for the purposes of subjecting Petitioner to a mandatory minimum 20-year sentence. Petitioner contends that his petition is timely under 28 U.S.C. § 2255(f)(4). Petitioner contends, alternatively, that if the petition is untimely that this Court should apply equitable tolling. Petitioner also seeks alternative relief under 18 U.S.C. § 2241, or under the writs of error coram nobis and audita querela.

The Court determines that the United States Attorney shall file a response to Petitioner's allegations. The Court will direct that the United States file an Answer or other responsive pleading to the Section 2255 motion to vacate within sixty (60) days.

**IT IS, THEREFORE, ORDERED** that no later than sixty (60) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate. Furthermore, Petitioner's Motion to Lift Stay, (Doc. No. 10), is **GRANTED**.

Signed: November 18, 2013

Richard L. Voorhees
United States District Judge