UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-86-RLV
(5:04-cr-18-RLV-CH-10)

| | |
|---|---|
| CEDRIC LAMONT SHUFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Petitioner's Supplemental Motion to Vacate, (Doc. No. 3), and on the Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 13). Petitioner is represented by Ann. L. Hester of the Federal Defenders of Western North Carolina. In his motion and supplement, Petitioner argues that his sentence was erroneously enhanced in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). As explained below, although Petitioner's motion is untimely, and he waived his right to bring this challenge in his plea agreement, the Government has declined to enforce those defenses and is instead agreeing to relief in light of Simmons and Hicks v. Oklahoma, 447 U.S. 343 (1980). Accordingly, the Government has requested that Petitioner's motion to vacate his sentence be granted and that Petitioner be re-sentenced without application of a twenty-year mandatory minimum sentence.

**I.    BACKGROUND**

1

Petitioner Cedric Lamont Shuford was charged by a grand jury, along with ten others, with conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count One). (Criminal Case No. 5:04-cr-18-RLV-CH-10, Doc. No. 3: Sealed Indictment). Shortly after the indictment was returned, the Government filed an Information Pursuant to 21 U.S.C. § 851, noticing Petitioner's two, prior state court drug convictions, neither of which carried a sentence of more than one year. (Id., Doc. No. 8: 21 U.S.C. § 851 Notice; PSR at ¶¶ 38-39). The § 851 enhancement increased Petitioner's statutory minimum sentence from ten years of imprisonment to mandatory life imprisonment. See 21 U.S.C. § 841(b)(1)(A).

Petitioner subsequently entered into a plea agreement with the Government in which he agreed to plead guilty to Count One. (Id., Doc. No. 142: Plea Agreement). As part of the agreement, Petitioner acknowledged the statutory minimum sentence of life imprisonment, agreed that the amount of cocaine base foreseeable to him was between 500 grams and 1.5 kilograms, and agreed to waive his rights to appeal or collaterally attack his sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, or the sentence if the Court made any findings on guidelines issues inconsistent with the plea agreement or that were so unusual as to require review by the Fourth Circuit. (Id. at ¶¶ 2; 5(a); 17).

After Petitioner entered his guilty plea, a United States Probation Officer prepared a Pre-Sentence Investigation Report. In the PSR, the probation officer determined that the amount of crack cocaine attributable to Petitioner was between 500 grams and 1.5 kilograms of cocaine base, resulting in a base offense level of 36. (PSR at ¶ 26).[1] Accounting for acceptance of

---

[1] The PSR is not attached to the docket report in Petitioner's case. The Court is therefore relying on the Government's assertions regarding the information in the PSR.

responsibility, Petitioner's total offense level was 33.  (Id. at ¶ 34).  The PSR also summarized Petitioner's criminal history, finding that he was a criminal history category III.  (Id. at ¶ 47).  With a total offense level 33 and criminal history III, Petitioner faced a guideline range of 168 to 210 months, but a statutory minimum sentence of life imprisonment.  (Id. at ¶¶ 84-85).

Shortly before the sentencing hearing, the Government withdrew a portion of the § 851 notice, informing the Court it would not rely on one of Petitioner's prior convictions, reducing Petitioner's mandatory minimum sentence to twenty years.  (Id., Doc. No. 259: Notice of Withdrawal of Portion of the 21 U.S.C. § 851 Notice).  This Court accordingly sentenced Petitioner to 240 months of imprisonment, plus five years of supervised release, and entered the judgment on December 13, 2005.  (Id., Doc. No. 274: Judgment).  Petitioner did not appeal.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on or around June 28, 2012, seeking relief from the 20-year sentence under Simmons.  See (Doc. No. 1).  Petitioner then supplemented the motion to vacate through counsel on December 28, 2012, and then again on July 18, 2013.  (Doc. Nos. 3; 9).  This case was held in abeyance pending resolution of the Fourth Circuit's decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), in which the Fourth Circuit held that Simmons is retroactive to cases on collateral review.  (Doc. No. 8).  On November 18, 2013, the Court ordered the Government to respond to Petitioner's request for relief.  (Doc. No. 11).  The Government filed its Response on December 12, 2013.  (Doc. No. 13).

II.     **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

3

claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Here, the Court first observes that, although the petition is untimely, the Government has expressly waived the one-year limitations period. The Government is also declining to enforce the post-conviction waiver contained in Petitioner's plea agreement. Therefore, the Court may proceed to the merits of Petitioner's Simmons claim. Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless

4

the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

As Respondent notes, this Court enhanced Petitioner's sentence based on his prior conviction for possession with intent to sale or deliver cocaine, but, as set forth in the PSR, Petitioner could not have received a sentence of more than one year in prison for that offense. See (Doc. No. 3 at 3: Pet. Supp. Motion to Vacate). Petitioner's otherwise applicable Guidelines range was 168 to 210 months of imprisonment, and, with no prior qualifying convictions, Petitioner would have faced a ten-year mandatory minimum sentence. Respondent notes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Simmons has clarified that Petitioner's prior conviction does not qualify as a "felony drug offense" because it was not punishable by more than one year in prison.

Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Respondent asserts that, here, Petitioner's otherwise applicable Guidelines range was well below the 240-month sentence Petitioner received for his conviction under the Controlled Substances Act. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 240 months, the 240-month minimum was a violation of the Due Process Clause as established in Hicks.

This Court finds that because Respondent has expressly waived the one-year limitations period, has declined to enforce the waiver in Petitioner's plea agreement, and has requested that

5

this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim. Petitioner shall be re-sentenced without application of the 240-month mandatory minimum.

**IV. CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate and orders resentencing as to Count One.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Petitioner's Supplemental Motion to Vacate, (Doc. No. 3), are **GRANTED**;

(2) Petitioner shall be re-sentenced in accordance with this Order.

Signed: January 3, 2014

*[Signature]*

Richard L. Voorhees
United States District Judge